UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Kinetic Systems, Inc.,

                                        Case No. 20-cv-1125-SM
        v.                              Opinion No. 2021 DNH 180

IPS-Integrated Project Services, LLC
and Lonza Biologics, Inc.,

**O R D E R**

Plaintiff seeks a prejudgment writ of attachment against
the assets of defendants in the amount of $13,973,898.26 (though
the claims, potential liability, amount actually in dispute,
amount likely to be recovered, and strength of the respective
cases differs markedly as to each defendant).

New Hampshire law controls.  Fed. R. Civ. P. 64; N.H. Rev.
Stat. Ann. Ch. 511-A:3.  Generally, plaintiff must make a strong
preliminary showing that it will ultimately prevail on the
merits and obtain judgment in the requested amount.  Diane Holly
Corp. v. Bruno & Stillman Yacht Co., 559 F. Supp. 559, 560-61
(D.N.H. 1983).  New Hampshire's Constitution offers special
protection against prejudgment attachments of property by a
strong preliminary showing of probable success; "more than a
favorable chance of success must be shown . . . [P]laintiff must
make a strong preliminary showing that he or she will ultimately
prevail on the merits and obtain judgment in the requested

amount and that showing must be established by proof greater than proof by a mere preponderance of the evidence.  Id. at 561.

Here, plaintiff has not pled sufficient facts or circumstances to support issuance of a writ of attachment in the amount requested.  First, the amount in contention is now acknowledged to be far less than the amount requested in the petition.  Plaintiff also notes that the only dispute in this litigation is the amount owed it for extra work done under contract.  But it is hardly clear what that amount is — it is not a liquidated amount, but an amount claimed based upon directives, reasonable time expended, costs of materials, chargeable add-on costs and other variables — all of which are firmly contested by defendants.  The parties anticipate presenting opposing evidence regarding what directions were given, what time and materials were required (and actually employed), the value of that work, chargeable add-on costs, etc. Both parties anticipate presenting expert testimony regarding reasonable time and costs to complete extra work.

It can hardly be said at this point that plaintiff can make a "strong preliminary showing of probable success" in obtaining a judgment against either defendant in the amount requested, and, indeed, the record, as it currently stands, makes clear that plaintiff cannot.

## Conclusion

The petition for prejudgment attachment (doc. no. 24) is denied albeit without prejudice to refiling with respect to some amount that may qualify under the applicable standards.  Though, given the brief survey above, that possibility seems unlikely absent agreement and in light of the fact that, under New Hampshire law, even if a lesser amount likely to be recovered could be established, a prejudgment attachment would still not issue if defendants are able to pay such an amount should a judgment be obtained.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

November 22, 2021

cc:  Counsel of Record