```
                UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW HAMPSHIRE
```

Kinetic Systems, Inc.

          v.

IPS-Integrated Project Services, LLC
and Lonza Biolgoics, Inc.

Case No. 20-cv-1125-SM
Opinion No. 2024 DNH 035

O R D E R

Following summary judgment in favor of IPS on at least part of Kinetic Systems, Inc.'s ("Kinetics") breach of contract claims, the court directed Kinetics to identify those breach of contract claims (Count I), if any, still in dispute.[1]  Doc. no. 89, at 24.  Kinetics identified the unresolved breach of contract claims and argued that its quantum meruit claim should be reinstated.  IPS agreed with the unresolved breach of contract claims but objected to Kinetics's request to reinstate its quantum meruit claim.  Kinetics filed a reply.

For the reasons discussed below, the breach of contract claims identified in Count I are unresolved and remain in the case for trial.  Kinetics's request to reinstate its quantum meruit claim is granted, subject to the process provided below.

---

[1] As the court noted in the prior order, the plaintiff has referred to itself by different names.  Doc. no. 89, at 1. To avoid confusion, the court will consistently refer to the plaintiff as "Kinetics".

I.  Breach of Contract Claims

Kinetics asserts that its breach of contract claims in Count I remain unresolved as to disputed back charges, meaning "the amounts by which IPS reduced [Kinetics's] claimed amount in timely change Proposals that resulted in approved Change Orders or otherwise timely requisitions."  Doc. no. 91, at 2.  Specifically, Kinetics disputes IPS's failure to pay back charges, which total $2,227,028.98, for Change Order 009 and a back charge invoice and for reductions in amounts paid on the Process Subcontract.  In its response, IPS agreed that the claims for charges identified by Kinetics (totaling $2,227,028.98) remain in dispute.

Therefore, Kinetics and IPS appear to agree that there are two unresolved breach of contract claims in Count I that remain for trial, which are the amounts stated above and demonstrated in Exhibits 1 and 2 submitted with Kinetics's notice.

II.  Quantum Meruit

Early in the case, the court dismissed Kinetics's claim for quantum meruit/unjust enrichment because those equitable remedies were available "'only in the absence of an enforceable contract governing the matter,'" and Kinetics sought payment for that same work through breach of contract claims.  Doc. no. 15, at 8 (quoting Barlo Signs Int'l, Inc. v. GCD Inc., No. 2017-

0589, 2018 WL 3237974, at *2 (N.H. June 29, 2018)). Kinetics contends that it is now entitled to reinstate its quantum meruit claim to recover the amounts it sought through the breach of contract claims that were dismissed on summary judgment.

IPS objects, arguing that Kinetics cannot bring breach of contract claims and then, when those claims are unsuccessful, turn to a quantum meruit remedy. IPS also argues that Kinetics waived any potential equitable remedies, including quantum meruit, under the Subcontractor Partial Waiver and Releases it signed. Finally, IPS argues that Kinetics cannot prove the elements of quantum meruit because it could not have reasonably expected payment on change proposals that were submitted late.

A.  Reinstatement

Kinetics argues that because its contract claim is unenforceable, due to its own breach of the deadline for change proposals in the subcontracts, it may now seek a restitutionary remedy under quantum meruit, relying on R.J. Berke & Co., Inc. v. J.P. Griffin, Inc., 116 N.H. 760 (1976).[2] There, the New

---

[2] In a footnote in its response and in the body of its reply, Kinetics argues that its quantum meruit claim is not barred by its contractual relationship with IPS, under Axenics, Inc. v. Turner Constr. Co., 164 N.H. 659, 669 (2013), because, while unjust enrichment is an equitable claim, quantum meruit is an action at law. It is far from clear what effect that distinction might have in this case, particularly because Kinetics did not raise the theory in opposition to IPS's motion

3

Hampshire Supreme Court held that "[q]uantum meruit is a restitutionary remedy intended for use by contracting parties who are in material breach and thus unable to sue 'on contract.'"  Berke, 116 N.H. at 764.  More recently, the New Hampshire Supreme Court explained that in Berke it "held that quantum meruit is a restitutionary remedy available to a party that materially breaches a contract, and thus has no contract remedies."  Axenics, Inc. v. Turner Constr. Co., 164 N.H. 659, 670-71 (2013).

IPS contends, however, that the exception provided by Berke does not apply here because Kinetics was able to sue on the parties' subcontracts.  IPS further contends that Kinetics's lack of success on its breach of contract claim does not entitle it to a second try under a theory of quantum meruit.  In sum,

---

to dismiss and did not object to dismissal of the quantum meruit/unjust enrichment claim against IPS.

Further, Kinetics's theory is unpersuasive.  In Berke, the pleading was amended to add claims both in assumpsit and in quantum meruit.  The New Hampshire Supreme Court noted in that case that "quantum meruit is a restitutionary remedy."  116 N.H. at 762 & 764; see also Doughty v. State Employees' Ass'n of N.H., SEIU Local 1984, CTW, CLC, 981 F.3d 128, 138 (1st Cir. 2020) (stating that restitution "is an equitable rather than a legal remedy"); Collision Comm'ns, Inc. v. Nokia Solutions & Networks OY, 2023 DNH 100, --- F. Supp. 3d. ---, 2023 WL 5237896, at *13 (D.N.H. Aug. 15, 2023) ("Quantum meruit provides an equitable remedy for such plaintiffs who are justified in some recovery notwithstanding their inability to recover in contract.").  For those reasons, the court need not address Kinetics's theory for purposes of resolving the reinstatement issue.

IPS asserts that Kinetics's breach of contract claims under the subcontracts bar Kinetics's claim under quantum meruit.

As noted above, the New Hampshire Supreme Court has long recognized that a plaintiff may seek a remedy under quantum meruit, despite a contractual relationship between the parties, when the plaintiff cannot recover under the contract. Berke, 166 N.H. at 764. The question IPS raises is whether a plaintiff can sue for breach of contract and, when that claim is unsuccessful, bring a claim for quantum meruit. The circumstances in Berke are instructive on that question.

There, the defendant, Griffin, was the general contractor and the plaintiff, Berke, was a subcontractor on a project to construct a sewage treatment plant in Newmarket, New Hampshire. 116 N.H. at 761. The construction project was dogged by issues, including an underestimate of the amount of ledge to be removed, the adequacy of each party's performance, personality clashes, and staffing problems, that delayed the project. Id. After completing a substantial part of the work under the subcontract, Berke walked off the job. Id. at 762. The parties negotiated a letter agreement under which Berke returned to complete the contract work under certain conditions. Id. Problems persisted, however, and Griffin ordered Berke to stop work and leave the project site. Id. Griffin then hired other subcontractors to complete the project. Id.

5

Berke sued Griffin, bringing claims for breach of contract and quantum meruit, and Griffin brought counter claims against Berke.[3]  Id.  The trial court found that both parties had substantially breached the contracts and concluded that neither party could recover under the original subcontract.  Id. at 763.  The court then determined that Berke breached the letter agreement and that Griffin was justified in ordering Berke to stop work and leave, which entitled only Griffin to damages under the letter agreement.  Id.  Nevertheless, applying quantum meruit, the court awarded Berke the fair market value of the materials and labor furnished to Griffin, with certain adjustments, that resulted in a net balance to Berke.  Id.

On appeal, the New Hampshire Supreme Court held that quantum meruit provided a restitutionary remedy in that situation, where Berke was unsuccessful on its breach of contract claim because of its own material breach.  Id.  The court concluded that Berke did not act in bad faith and was entitled to recover under quantum meruit.  Id.  The court further held "the issue of waiver is irrelevant insofar as Berke's recovery is not on the contract but in quantum meruit. In the absence of some explicit understanding between the

---

[3] Berke initially brought "a bill in equity seeking payment under the bond issued to Griffin." Berke, 116 N.H. at 762. Berke later amended its pleadings "adding counts in assumpsit and quantum meruit." Id.

6

parties that quantum meruit for extras would be barred . . ., they were properly included in the calculation of the gross benefit conferred." Id. at 765.

Taken in context, the New Hampshire Supreme Court did not limit a quantum meruit recovery to those circumstances where no enforceable contract existed and the plaintiff did not seek a remedy under the contract. Instead, the court affirmed an award of damages under a quantum meruit claim, even though an enforceable contract existed and the plaintiff had alleged a breach of contract claim, because the plaintiff could not enforce payment under the contract due to its own breach. Although Kinetics's breach in this case was its failure to submit timely change proposals, rather than conduct that resulted in its being dismissed from the job, the same result pertains - Kinetics, like Berke, cannot enforce the payment provisions under the contract. Therefore, under Berke, Kinetics is still entitled to seek a remedy through a quantum meruit claim, and the court grants its request to reinstate the quantum meruit claim that was previously dismissed.

The court notes that Kinetics originally alleged a combined claim for quantum meruit and unjust enrichment against IPS as Count II. Doc. no. 1-2, at 8-9. Based on its current filings, Kinetics seeks to reinstate only the quantum meruit portion of that claim against IPS and, for that reason, is deemed to have

7

waived any claim for unjust enrichment. Therefore, only the quantum meruit claim against IPS is reinstated. See Collision Commc'ns, 2023 WL 5237896, at *13 (providing elements of quantum meruit cause of action).

B. Merits and Defenses

IPS also briefly argues that the court should not reinstate the quantum meruit claim because Kinetics waived the claim and because Kinetics cannot prove the claim on the merits. Kinetics responded briefly. Whether Kinetics can prove the claim and whether IPS has defenses that would preclude it cannot be decided in this context. For that reason, IPS will be afforded an opportunity to move for summary judgment with appropriate briefing and responses, but is not required to do so.

Conclusion

For the foregoing reasons, the remaining parts of the breach of contract claim (Count I) are Kinetics's claims for back charges, which total $2,227,028.98, for Change Order 009 and a back charge invoice and for reductions in amounts paid on the Process Subcontract, as supported by Exhibits 1 and 2 to document no. 91.

In addition, Kinetics's quantum meruit claim against IPS (Count II) is reinstated.

IPS is granted an opportunity to file a motion for summary judgment on the quantum meruit claim within **fourteen days of the date of this order**. If a motion for summary judgment is filed, Kinetics will have **fourteen days from the date of filing** to file a response. IPS then may file a reply within **five days**, and Kinetics may file a surreply within **five days**.

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

April 18, 2024

cc: Counsel of Record