UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| Kinetic Systems, Inc. | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 1:20-cv-1125-SM |
| IPS-Integrated Project Services, LLC, and | : | |
| Lonza Biologics, Inc. | : | |
| Defendants. | : | |
| | : | |

**MOTION TO APPROVE ATTORNEYS' FEES AND COSTS**

Defendant IPS-Integrated Project Services, LLC ("IPS"), by its attorneys, respectfully submits the within Motion to Approve Attorneys' Fees and, in support thereof, represents as follows:

1.      In the two subcontracts that governed this matter, Kinetics and IPS agreed that the successful or prevailing party in any litigation was entitled to recover its reasonable attorney's fees and costs. IPS was the successful party on 97% of the Kinetics breach of contract claim, as it prevailed in full on the Kinetics claim for unapproved change proposals (a claim for $11,867,583.51) and prevailed on most of the Kinetics claim for back charged amounts (of the claim for $2,106,314.75, IPS was successful on all but $444,875.53). Accordingly, IPS moves for an award of attorney's fees and costs under the parties' agreements.

**Standard of Review**

2.      "Where, as here, the court's jurisdiction is based on diversity of the parties, a district court's award of attorneys' fees is governed by relevant state law." *IOM Corp. v. Brown Forman Corp.*, 627 F. 3d 440, 451 (1st Cir. 2010) (citation omitted). Under New Hampshire law, a "prevailing party may be awarded attorney's fees when that recovery is authorized by statute,

an *agreement between the parties*, or an established judicial exception to the general rule that precludes recovery of such fees." *Matter of Ndyaija*, 173 N.H. 127, 147 (2020) (emphasis added); *accord ACAS Acquisitions (Precitech) Inc. v. Hobert*, 155 N.H. 381, 404–05 (N.H. 2007) (affirming award of attorney's fees under terms of the parties' contract because ACAS prevailed on its claim that it was justified in suspending payments to Hobert due to his violation of their agreements). "An agreement between the parties that shifts attorney's fees is interpreted by giving the language used by the parties its reasonable meaning." *In re Taal*, 540 B.R. 24, 30 (Bkrtcy. D.N.H. 2015) (quoting *Turner v. Shared Towers VA, LLC*, 167 N.H. 196, 207 (2014)) (internal quotation marks omitted); *see also Holloway Automotive Group v. Giacalone*, 169 N.H. 623, 631 (2017) (noting the "plain meaning of the language used by the parties is that if Holloway prevails in an action brought to enforce the Agreement, it is entitled to attorney's fees and costs.")

**The Parties' Agreements**

3.      Section 17.7 of the Subcontracts provides: "*If any legal action*, arbitration, or other proceeding *is brought* for the enforcement of this Agreement, or *because of an alleged* dispute, *breach*, default, or misrepresentation in connection with any *of the provisions of this Agreement*, *the successful or prevailing Party or Parties will be entitled to recover reasonable attorney fees* and other costs authorized by statute which are incurred in that action or proceeding, in addition to any other relief to which they may be entitled." (emphasis added). *See* Doc. No. 57-2 (p. 42) and Doc. No. 57-8 (p. 42).

4.      Section 6.10 of the Subcontracts provides: *"In the event the Subcontractor submits an adjustment request for a Change that has no merit* or that is based in whole or in part upon materially inaccurate assertions, *IPS shall be entitled to collect from Subcontractor* by

offset or otherwise any and all costs and expenses, including but not limited to *reasonable attorney's fees, incurred by IPS in* investigating, responding to, *defending against and resolving such claim or request*." (emphasis added). *See* Doc. No. 57-2 (p. 21) and Doc. No. 57-8 (p. 21).

**Underlying Proceedings**

5.    On October 13, 2020, Kinetics initiated the instant dispute by asserting against IPS a claim for breach of contract (Count I) and an alternative claim of quantum meruit/unjust enrichment (Count II). *See* Complaint (Doc. No. 1-2 at pp. 4-10). Under either theory, Kinetics claimed IPS owed it $13,973,898.26. *See id.* at ¶ 21. The clear focus of the Complaint was on the Kinetics claims related to unapproved change orders (related to claimed delays, inefficiencies and increased scope of work). Indeed, the back charges were not mentioned in the Complaint.

6.    Kinetics and IPS each retained expert witnesses to address the unapproved change order claims and virtually all of the discovery (12 witnesses were deposed, and well over 150,000 pages were produced, including 41,830 by IPS and over 90,000 by Kinetics) involved those claims. *See* Affidavit of Peter G. Callaghan attached hereto at Exhibit A, at ¶7.

7.    On February 2, 2024, IPS prevailed on the claims related to unapproved change orders. *See* Doc No. 89; Doc No. 150 at ¶ 2. The Court granted Partial Summary Judgment for IPS on Kinetics's breach of contract claim "based on amounts IPS failed to pay in response to CP-10, CP-24 and the Bulletin Change Proposals that were rejected as untimely." Doc No. 89 at 24. IPS's successful Partial Motion for Summary Judgment removed Kinetics's unapproved change orders claim from the litigation, thereby reducing Kinetics's claim by $11,867,583.51. *Compare* Compl. ¶ 21 *with* Doc No. 131.

8.    After the previously dismissed Count II was revived, on September 3, 2024, IPS successfully defeated Kinetics's quantum meruit claim on summary judgment. *See* Doc No. 105.

22490741.4

9.      All that remained of Kinetics's breach of contract claim was $2,106,314.75 based on back charges IPS had assessed against two approved change orders, which IPS had excluded from the parties' dispositive motion practice. The parties stipulated to the amounts of the two approved change orders and the amounts back charged from each. *See* Doc No. [131](#).

10.     As framed for trial IPS had the burden of proving it properly back charged Kinetics against the two change orders. *See* Doc. No. [144](#) at 10. On November 20, 2024, the jury found that IPS carried its burden of proving it properly back-charged Kinetics $1,661,439.22 but that $444,875.53 was not proven to be properly back charged under the Subcontracts. *See* Doc No. [148](#) at 1-2.

11.     After four years of litigation, three dispositive motions and six days of trial, Kinetics was awarded only $444,875.53 of its $13,973,898.26 claim against IPS. To put it plainly, IPS succeeded on 97% of the dispute.

12.     IPS prevailed in Kinetics's action to enforce the Subcontracts and is therefore entitled to reasonable attorney's fees.

**IPS is the successful or prevailing party**

13.     In situations such as this, where a "prevailing party is successful on all (or substantially all) of [its] claims, and receives complete (or near-complete) relief, it goes without saying that reasonable fees should be paid for time productively spent, without any discount for limited success." *Coutin v. Young & Rubicam Puerto Rico, Inc.*, 124 F.3d 331, 339 (1st Cir. 1997) (discussing partial fee awards in context of statutory fee-shifting provision). "Indeed, the most critical factor in determining the reasonableness of a fee award "is the degree of success obtained." *Farrar v. Hobby*, 506 U.S. 103, 114 (1992) (quoting *Hensley v. Eckerhart,* 461 U.S. 424 (1983)) (internal quotation marks omitted) (same).

14.     Applying those principles leaves no doubt that IPS is the prevailing party as it succeeded on 97% of the Kinetics claim. Black's Law Dictionary defines "prevailing party" or "successful party" as a "party in whose favor a judgment is rendered, regardless of the amount of damages awarded." PARTY, *Black's Law Dictionary* (12th ed. 2024).

15.     Kinetics may contend the unapproved change proposal claim is severable from the back charges claim and that it is the prevailing party on the back charges claim. But the partial verdict in Kinetics's favor on its back charges claim does not transform this case into one of "analytically severable" claims meriting a partial or *pro rata* fee award. *Halifax–American Energy Company, LLC v. Provider Power, LLC*, 170 N.H. 569, 589 (2018). "Under New Hampshire law, when a party prevails on some claims and not others, and the successful and unsuccessful claims are analytically severable, any fee award should be reduced to exclude time spent on unsuccessful claims." *Id.*

16.     Kinetics is not able to demonstrate the components of its single-count breach of contract claim are analytically severable. As the Court and jury observed, Kinetics's effort at trial to demonstrate the back changes were improperly assessed involved the same witnesses discussing the same issues (changes in the plans, delays, out of sequence work, inefficiencies and the like) that Kinetics relied on to press its unapproved change proposal claims. Kinetics claimed at trial these same issues that justified its change proposals also caused the problems that IPS was forced to address by hiring third parties and devoting its own resources to do the Kinetics work. IPS relied on the same evidence to demonstrate why it was required to assess the back charges. It is not surprising that all of Kinetics's claims were framed as a breach of contract under Count I of the Complaint. This record makes "severance impracticable and unreasonable." *Halifax–American*, 170 N.H. at 589 (affirming non-apportionment of fee award based on trial court's

determination that the "claims share a common core of facts" and "[t]he facts relevant to each claim overlap significantly, and the investigation and work performed to prosecute one claim necessarily related to the others"); *see Funtown USA, Inc. v. Town of Conway*, 129 N.H. 352, 356 (1987) (finding claim on appeal was analytically separate because it requested a different type of relief).

17.    Even if the Court was persuaded the claims were analytically severable, IPS should nevertheless be awarded most of its fees and costs with minimal offset. First, IPS's entitlement to full recovery of attorney's fees for its successful defense of Kinetics's delay damages claim of $11,867,583.51 is not grounds for dispute. This Court twice entered summary judgment in IPS's favor on Kinetics's $11,867,583.51 unapproved change proposals claim because the change proposals underlying that claim were not timely submitted as required under the Subcontracts. *See* Doc No. 89 at 23. Those change proposals, *i.e.*, those requests to adjust the lump-sum price or time of completion, were found to lack merit as a matter of fact and law. Consequently, IPS is entitled to collect from Kinetics the reasonable attorney's fees it incurred in defending against CP-10, CP-24 and the Bulletin change proposals. A reasonable reading of the Subcontracts' fee-shifting provision compels the finding IPS is entitled to recover attorney's fees for its successful defense of that $11,867,583.51 claim. *See* Doc No. 150 at ¶¶ 3-4.

18.    Second, IPS prevailed on 89% of the back charge claim that was decided by the jury. IPS proved that $1,661,439.22 of the back charges were properly assessed. It would not be a reasonable fee award if IPS was denied recovery of the majority of its fees for the successful defense of the back charge claim. And it would not be a reasonable fee award if Kinetics received any fee award for its minimal recovery on that claim.

19.     Here, the degree of IPS's success (97%) cannot be overstated. The Court should therefore decline to apportion the attorney time expended in preparing and defending against the unapproved change proposal and back charge portions of Kinetics's breach of contract claim and award IPS the full amount of its fees for its successful litigation of 97% of Kinetics's sole claim. *See Halifax–American*, 170 N.H. at 589*; Keenan v. Tuthill*, 2018 WL 6293443, at *3 (N.H. 2018) ("When the claims are not analytically severable, however, the trial court is <u>not</u> required to exclude time attributable to unsuccessful claims in awarding fees.") (emphasis added).

20.     IPS accordingly seeks the Court's approval of its attorneys' fees as set forth in the attached supporting Affidavit. IPS has incurred legal fees in the amount of **$822,767**, for 3,426.3 hours of attorney and paralegal time. IPS incurred costs in the litigation of $85,708.63. These amounts are reflected in the firm's billing records based on time and costs entries made contemporaneously. *See* Affidavit of Peter G. Callaghan attached hereto at Exhibit A, at ¶8.

**The fees and costs incurred were reasonable**

21.     The hourly rates are reasonable, as set forth in the table below:

| Timekeeper | Year(s) | Rate(s) |
|---|---|---|
| Peter Callaghan | 2020-2024 | $325-$410 |
| Daniel Sonneborn | 2023 | $325 |
| Nicholas Dube | 2020-2023 | $240-$260 |
| Harper Weissburg | 2022-2024 | $225-$265 |
| Stacey Peters | 2021-2024 | $175 |
| Sonja Belanger | 2022-2023 | $175 |
| Marie (Labrie) Rienzo | 2021-2023 | $175 |
| Eric Rosenberg | 2022 | $175 |
| Maria Maffucci | 2021 | $175 |
| Michelle Beasley | 2022-2023 | $175 |

22.     The hourly rates sought are also in line with recent fee awards issued by the United States District Court for the District of New Hampshire. *See Wells Fargo v. Moskoff*, 2021 DNH 164 at 4-6 (citing cases) and *Glover v. Hartford*, 2022 DNH 089 at 18-19.

22490741.4

23.     The hours expended were reasonable and efficient: the case involved extensive motion practice (including three dispositive motions), hundreds of thousands of documents exchanged in discovery, 10 depositions, 2 expert depositions, and a six-day jury trial.

24.     Utilizing the factors to determine the reasonableness of an attorney's fee award set forth in *Town of Barrington v. Townsend,* 164 N.H. 241, 250 (2012) ("the amount involved, the nature, novelty, and difficulty of the litigation, the attorney's standing and the skill employed, the time devoted, the customary fees in the area, the extent to which the attorney prevailed, and the benefit thereby bestowed on his clients"), an award of fees in the amount of $908,475.63 is appropriate.

WHEREFORE, for the reasons set forth above, Defendant IPS-Integrated Project Services, LLC respectfully requests this Honorable Court:

A.     Award IPS attorneys' fees as set forth in the supporting Affidavit filed herewith;

B.     Order Kinetics to make payment 21 days from the Court's order; and

D.     Grant such other relief as may be just and proper.

Respectfully submitted,

IPS-INTEGRATED PROJECT SERVICES, LLC

By its attorneys:

PRETI FLAHERTY, PLLP

Dated: December 9, 2024          By: /s/ *Peter G. Callaghan*
                                     Peter G. Callaghan, NH Bar No. 6811
                                     P.O. Box 1318
                                     Concord, NH 03302-1318
                                     (603) 410-1500
                                     pcallaghan@preti.com

                                     Harper A. Weissburg, NH Bar No. 276439
                                     60 State Street, Suite 1100
                                     Boston, MA 02109

22490741.4

(617) 226-3800
hweissburg@preti.com

**CERTIFICATE OF SERVICE**

I hereby certify this 9th day of December 2024 a copy of the within document has been served on all parties of record electronically via ECF.

/s/ *Peter G. Callaghan*
Peter G. Callaghan

22490741.4