UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Kinetic Systems, Inc.

      v.

Integrated Project Services, LLC
and Lonza Biologics, Inc.

Case No. 20-cv-1125-SM
Opinion No. 2025 DNH 002

O R D E R

Kinetic Systems, Inc. renews its motion for judgment against Integrated Project Services, LLC ("IPS") for the entire amount back charged, notwithstanding the jury's verdict (awarding only part of the back charged amount). See Fed. R. Civ. P. 50(b). IPS objects. For the reasons that follow, the motion is denied.

Standard of Review

"If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), . . . the movant may file a renewed motion for judgment as a matter of law." Fed. R. Civ. P. 50(b). To succeed on a motion under Rule 50(b), the movant must establish that "the jury failed to reach the only result permitted by the evidence." Lestage v. Coloplast Corp., 982 F.3d 37, 47 (1st Cir. 2020). For purposes of a Rule 50(b) motion, the court construes the "facts in the light most favorable to the jury verdict, draw[s] any inferences in favor of the non-movant and abstain[s] from evaluating the credibility

of the witnesses or the weight of the evidence." Suero-Algarín v. CMT Hosp. Hima San Pablo Caguas, 957 F.3d 30, 37 (1st Cir. 2020) (citation omitted).

## Background

IPS engaged Kinetics as a subcontractor to do piping and mechanical work on a commercial construction project. From the beginning, Kinetics fell behind the agreed upon schedule and was unable to meet important deadlines. Kinetics also did not pay many of its subcontractors in a timely manner, all of which led to delays and unexpected additional project costs. At the end of the project, IPS and Kinetics negotiated certain change orders aimed at resolving outstanding claims and disputes. IPS, however, withheld amounts from the change order payment as back charges to cover extracontractual costs that Kinetics allegedly caused and IPS incurred.

Kinetics brought suit against IPS and Lonza Biologics, Inc. (the project owner), seeking recovery of the amounts withheld. Before trial, Kinetics and IPS entered a stipulation of fact, establishing that the parties had agreed to two change orders -- one for $1,255,587 and the other for $1,874,762, which totaled $3,130,349. Of that agreed amount, IPS paid Kinetics only $1,024,034.75, withholding the remainder as back charges in the amount of $2,106,314.75. Kinetics disputed IPS's right to

withhold back charges as well as the amount of the back charges withheld.

IPS asserted that it properly withheld $2,106,314.75 under the withholding provision in the Subcontracts, § 7.16. The issue at trial was whether, or to what extent, IPS properly withheld the back charged amounts from the agreed payment due for the change orders. IPS bore the burden of proving that the amount withheld was allowed under § 7.16. IPS introduced testimony and other evidence regarding Kinetics's deficient work performance and the negative impact of that work. IPS claimed that some $2,569,221 in additional costs caused by Kinetics were incurred. To cover those costs (i.e. to pay third parties and cover its own costs), IPS sought funds from Lonza in a "Capital Project Change Request," which Lonza approved. One of IPS's employees, Anthony Malvone, testified that Lonza provided the funds to cover the extra costs that IPS incurred due to Kinetics's failure to perform as contractually required. Evidence presented also supported IPS's claim that it was obligated to, and Lonza fully expected it to, recover those costs through back charges against Kinetics.

The jury returned a verdict in favor of Kinetics on the breach of contract claim as to some, but not all, of the amount withheld from the agreed back charge amount. The jury found that $444,875.53 of the $2,106,314.75 back charged was not

proper under the Subcontracts.  IPS owes that amount to Kinetics.

## Discussion

Kinetics argued at trial, and argues in support of this Rule 50(b) motion, that IPS could not, as a matter of law, withhold any of the amount owed under the change orders, because, among other things, § 7.16 allowed withholding only "to such extent as IPS reasonably deems necessary to <u>protect it from loss</u> as a result of [eight listed circumstances]." Doc. no. 57-8, at 24-25 (emphasis added).  Kinetics also argued at trial and argues in this motion that IPS did not need protection from loss, within the meaning of § 7.16, because Lonza had already funded the additional costs IPS claimed to have incurred due to Kinetics's alleged failures to fully perform, when it approved and paid IPS's change order request.  Kinetics further argues that because Lonza paid IPS's change order seeking reimbursement for the extra costs, IPS would receive a windfall to the extent it is permitted to withhold any amount from the Kinetics change orders.

Kinetics's theory, however, ignores the commercial reality of the parties' dealings, and it lacks contractual context.  The evidence at trial established that Kinetics did not perform its work under the Subcontracts, and did not pay all of its subcontractors, in a timely manner, which led to problems and

4

additional unanticipated costs on the project.  As a result, IPS had to provide some additional supervision and perform additional tasks to obtain adequate performance.  That extra work was costly, but it was also necessary to keep the project moving toward completion.  Those additional incurred costs were "covered" or "funded" by amounts provided to IPS by Lonza, again, to keep the project going, as the jury could well have found.

   The additional costs that IPS incurred due to Kinetics's performance failures on the project, as found by the jury, were not amounts owed to Kinetics, but amounts Kinetics owed to IPS, or, in the end, to Lonza.  Those additional costs were in the nature of damages, or "losses", incurred by IPS initially, and by Lonza ultimately.  Kinetics has not pointed to any evidence that IPS and Lonza intended, understood, or agreed that Kinetics would be relieved of all liability for the extra costs IPS (and Lonza) incurred because of Kinetics's own performance failures.  The evidence shows that IPS (and Lonza) fully intended to recover the additional costs from Kinetics through back charges under the Subcontracts' provisions.  The arrangement between IPS and Lonza as to how the amounts back charged may be allocated between them is irrelevant to IPS's right to withhold payment under § 7.16.  To the extent IPS might now be over paid, with respect to Lonza, as a result of the verdict, does not affect

Kinetics's obligation to reimburse IPS for the additional costs the jury found Kinetics to have caused and IPS to have incurred.

Kinetics presented its theory to the jury-that under § 7.16 of the Subcontracts IPS could not withhold payment from the change orders on grounds that Lonza had "paid" IPS for those extra costs. The jury properly rejected that theory and found that IPS was within its contractual rights to withhold proper back charges under § 7.16. Kinetics has not shown that "the jury failed to reach the <u>only</u> result permitted by the evidence." <u>Lestage</u>, 982 F.3d at 47. To the contrary, the jury's verdict is fully consistent with the evidence before it, and the Subcontracts between and among the parties.

## Conclusion

For the foregoing reasons, the court denies Kinetics's motion for judgment under Rule 50(b) (doc. no. 149).

The court grants Kinetics's motion for an extension of time to file its motion for an award of attorneys' fees (doc. no 155), and that motion shall be due **14 days from the date of this order**.

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

January 14, 2025

cc: Counsel of record